UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEMICKO BILLIE THOMAS,

Plaintiff,

v.

MAGGIE MILLER-STOUT,

Defendant.

Case No. C11-2186 RSM

ORDER ADOPTING REPORT AND RECOMMENDATION

## I. INTRODUCTION

The present matter comes before this Court on a petition for habeas relief. This Court has had an opportunity to review Petitioner's amended petition, Judge Tsuchida's Report and Recommendation ("R&R"), and Petitioner's Objections to that R&R. For the reasons set forth below, the Court now APPROVES and ADOPTS the R&R, with the exception that this Court also grants the issuance of a limited Certificate of Appealability.

## II. BACKGROUND

On July 1, 2016, Petitioner, Demicko Billie Thomas, submitted an amended petition for writ of habeas corpus, arguing that he is entitled to habeas relief under 28 U.S.C. § 2254 with respect to his convictions for first degree robbery, first degree kidnapping, attempted first degree robbery, first degree assault, and unlawful possession of a firearm. Dkts. #70 and #70-1. In his

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

amended petition, Petitioner raises eighteen claims on which he asserts a basis for relief. Dkts. #70 at 25-65 and #70-1 at 1-66. On July 11, 2017, the Honorable Brian A. Tsuchida, United States Magistrate Judge, issued an R&R recommending dismissal of all eighteen claims and the denial of a certificate of appealability. Dkt. #93. Petitioner, after choosing to proceed *pro se*, filed his Objections to the R&R on December 1, 2017. Dkt. #108.

### III. DISCUSSION

**A. Claim 1 – Firearm Sentencing Enhancements**

On Claim 1, Petitioner argues that his right to due process was violated when the State failed to prove at trial that he possessed an "operable" firearm during the commission of his underlying crimes, an essential element for each of the firearm enhancements under which he was convicted. Dkt. #70 at 25-30. Specifically, he argues that the prosecution did not present sufficient evidence to prove that the gun used in the second robbery was capable of firing a projectile in order to meet the statutory definition as a "firearm" under the enhancement. *Id*. at 28.

Judge Tsuchida determined that the state courts viewed the "record as a whole in the light most favorable to the prosecution," with deference to the trier of fact, and found sufficient evidence existed for the jury to find that the gun used in the second robbery qualified as a firearm under the enhancement. Dkt. #93 at 6-10. Judge Tsuchida concluded that the state court's determination was therefore neither contrary to, nor an unreasonable application of, federal law, and Petitioner's Claim 1 one should be denied. *Id*. at 10.

Petitioner raises a number of objections to that conclusion. First, Petitioner argues that the Magistrate Judge erred by failing to apply *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), to evaluate whether the substantive elements of the crime were proven.

Dkt. #108 at 12. Second, Petitioner argues that there was no evidence presented that supports that the gun used in the robberies was either "operable" or a "firearm in fact." *Id*. Third, Petitioner argues that the Magistrate Judge erred in not following the "law of the case" doctrine requiring the state to prove each and every element named in the jury instructions. *Id*. Finally, Petitioner argues that the state court holding that "whether the gun was operable does not matter, the prosecution only needed to show (not prove), that the gun 'appeared real' rather than a toy," was contrary to, and an unreasonable application of, federal law. *Id*.

In regards to Petitioner's first objection, his assertion regarding the standard employed by the Magistrate Judge is incorrect. Dkt. #108 at 12. Judge Tsuchida correctly identified and applied the standard set forth in *Jackson*; assess whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt, while viewing the record as a whole in the light most favorable to the prosecution. Dkt. #93 at 6 (citing *Jackson*, 443 U.S. at 319). Addressing Petitioner's second, third, and fourth objections, under *Jackson*, Judge Tsuchida was not required to determine whether *he* felt that the evidence was sufficient to prove every element beyond a reasonable doubt, only whether *any* rational trier of fact could have found that it did. *Id*. Accordingly, Judge Tsuchida was not limited to the state court cases cited by Petitioner, and appropriately considered all of the available evidence, the state law relied upon by the state courts, and the elements listed in the jury instructions. *Id*.

Petitioner also objects to Judge Tsuchida's conclusions regarding the state court's treatment of the element of firearm "operability." *Id*. at 12-13. In his Objections, Petitioner asserts that the State Court of Appeals held that "whether the gun was operable does not matter, the prosecution only needed to show (not prove), the gun 'appeared real' rather than a toy." *Id*. at 13. Petitioner argues that without proof of "operability," he was convicted on evidence insufficient

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

to prove an element of the firearm enhancement beyond a reasonable doubt. Id. Petitioner cites to a number of United States Supreme Court and Washington State cases for the proposition that a standard allowing conviction on less than proof of all elements of a crime would impermissibly lower the burden of proof held by the state. *Id*. at 13-14.

While not incorrect on how such a standard would be treated if present[1], the standard complained of by Petitioner is neither found within the language of the state court's determination, nor a reflection of the legal analysis performed by the State Court of Appeals, State Supreme Court, or Judge Tsuchida. *See* Dkts. #89, Ex. 2 at 3-5 and Ex. 40 at 4, and Dkt. #93 at 6-10. Instead, the state court's legal analysis recognized that "operability" may be proven through a variety of evidence, including evidence the gun was fired during the commission of a crime, or witness testimony and circumstantial evidence. Dkts. #89, Ex. 2 at 3-5 and Ex. 40 at 4. In reviewing the state court's determination, Judge Tsuchida concluded that, when viewed in the light most favorable to the State, the evidence was sufficient to find Petitioner guilty beyond a reasonable doubt.[2] Dkt. #93 at 10.

With regards to Petitioner's objection that the State Court of Appeal's erred in not applying the same analysis as in *State v. Recuenco*, 163 Wn.2d 428, 180 P.3d 1276 (2008) and *State v. Pierce*, 155 Wn. App. 701, 230 P.3d 237 (2010), even assuming the state court erred, such an error of state law is not entitled to habeas relief and is not cognizable in federal court.

---

[1] The cases cited by Petitioner all reiterate the long standing principle that for a defendant's conviction to meet the requirements of the Due Process clause, all material facts and elements of the crime of conviction must have been proven beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 2313, 132 L. Ed. 2d 444 (1995); *Mullaney v. Wilbur*, 421 U.S. 684, 698, 95 S. Ct. 1881, 1889, 44 L. Ed. 2d 508 (1975); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970).

[2] Judge Tsuchida, in reviewing the constitutionality of such a conviction, was entitled to view the entirety of the record and evidence, including the state court's treatment of state court precedent, in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

*See Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991); *see also Bonillas v. Hill*, 134 F.3d 1414, 1417 (9th Cir. 1998). Accordingly, the Court adopts the R&R and denies Claim 1.

**B. Claims 2 and 3 – Amendment to Information and Adequate Notice of Enhanced Penalty**

In Claims 2 and 3, Petitioner argues that he has been deprived of his right to due process, and the protections of the Sixth and Fourteenth Amendments. Dkt. #70 at 30-39. With respect to Claim 2, Petitioner argues that the trial court erred when it constructively amended the charging information by issuing a "to convict" jury instruction that included both the "displaying" and "armed with" alternative means of committing the crime of robbery. *Id.* at 30-35. Petitioner asserts this was improper, as he was only initially charged in the original information with the "displaying" means. *Id*. With respect to Claim 3, Petitioner argues that the charging information did not properly notify him of the potential maximum sentence he faced if convicted, specifically, that the information incorrectly cited to the expired RCW 9.94A.310, instead of the statute that actually applied, RCW 9.94A.510. *Id*. at 35-39.

RCW 9.9A.310 had, up until the 1998 amendment resulting in the current statute, been interpreted by the Washington State Supreme Court to allow sentences for firearm enhancements to run concurrently, so long as they remained consecutive to the base sentences. *See In re Charles*, 135 Wn.2d 239, 254, 955 P.2d 798 (1998). Petitioner asserts that the reference to RCW 9.94A.310 on his charging information resulted in his failing to accept multiple plea offers in 2003 and 2004, of sentences of 25, 27, and 28 years, respectively, because he believed that under § 310 he would only be facing a potential maximum sentence of 25-30 years. Dkt. #70 at 36-37.

Judge Tsuchida applied the harmless error test articulated in *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714, 123 L. Ed. 2d 353 (1993), finding that any error did not

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

have a substantial and injurious effect on the verdict. Dkt. #93 at 13. Judge Tsuchida recommends denying Petitioner's Claims 2 and 3 because: (1) the charging information included a firearm enhancement expressly accusing him of being "armed with" a firearm at the time of the crime, (2) the incorrect expired statutory citation in the information did not prejudice Petitioner in relation to his consideration of a plea bargain, because he was not entitled to the benefit of that statute regardless of the mistake, and (3) there is no Supreme Court precedent requiring an information to include notice of the concurrent or consecutive nature of firearm enhancements. Dkt. #93 at 13-14.

Petitioner makes a number of objections regarding both Claims 2 and 3. Dkt. #108 at 16-22 and 37-38. In response to Judge Tsuchida's treatment of Claim 2, Petitioner makes four distinct arguments: (1) that the Magistrate Judge inappropriately applied the *Brecht* harmless error test, as the merits of his "constructive amendment" claim were never reached by a state court, but instead consolidated with the "notice" claim, (2) that he was charged solely with the "displayed" means of committing a robbery, and any mention of being "armed with" a firearm in the sentencing enhancement amounted to an amendment of the information, (3) that amending the charging instrument is per se reversible error, and (4) that the Magistrate Judge erred in concluding no rational basis exists upon which a jury could have found Petitioner was armed with a firearm, without also having displayed it, because there is insufficient evidence to prove the weapon was actually a "firearm." *Id*. at 16-21.

With regards to Petitioner's first objection, he is mistaken, as the merits of his "constructive amendment" claim were addressed, and rejected, by the Washington State Court of Appeals. Dkt. #89, Ex. 46 at 3. The State Court of Appeals held that because the information as a whole contained language alleging both that he was "armed with" and "displayed" a firearm,

Petitioner had proper notice of both alternative means and no amendment occurred. *Id*. The state court also found that even if an amendment had occurred, no prejudice warranting relief resulted. *Id*. Accordingly, Judge Tsuchida's reliance on the *Brecht* standard was appropriate and correct. Petitioner does not cite to any binding legal authority for the proposition that an unconstitutional amendment occurred when he was provided notice via the language of the sentencing enhancement, nor that per se reversal of the conviction is warranted.[3] With regards to the final objection, Petitioner fails to provide any legal authority or additional evidence to establish that consideration over whether the gun was in fact a "firearm" precluded the jury from considering either alternative means.

Objecting to Judge Tsuchida's treatment of Claim 3, Petitioner argues that the Magistrate Judge's conclusion was at odds with *Weatherford v. Bursey*, 429 U.S. 545, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977), and the analysis relied upon by the Ninth Circuit in *Gautt v. Lewis*, 489 F.3d 993 (9th Cir. 2007). *Weatherford* does not contain the proposition Petitioner attributes to the case. Additionally, Petitioner's reliance on *Gautt* is unpersuasive, as it is factually dissimilar from the instant case.[4] Therefore, this Court adopts the R&R and denies Claims 2 and 3.

---

[3] Petitioner cites to *Stirone v. United States*, 361 U.S. 212, 217-18, 80 S. Ct. 270, 273-74, 4 L. Ed. 2d 252 (1960), for the proposition that a jury instruction that unconstitutionally amends a charging instrument constitutes per se reversible error, because it violates a defendant's right to be tried only on the charges in the information. This is a correct statement of the law, however, it applies to a dissimilar factual scenario. In *Stirone*, a charging document was amended to include a new and entirely separate offense after having been presented to a Grand Jury. *Id*. In the instant case, the issue is whether the language of a jury instruction on alternative means of committing an offense amounts to an amendment based solely upon the language contained in the original charging document.

[4] In *Gautt*, the Ninth Circuit addressed whether a defendant had sufficient notice after the information mistakenly charged a criminal offense carrying a maximum potential sentence of ten years, while the actual crime he was tried, and convicted of, carried a potential sentence of 25 years to life and included additional elements of proof. 489 F.3d at 1008. The Ninth Circuit stressed that key issue was whether the *substance* of the information provided adequate notice of the actual statute being charged, not simply whether there had been a mistake in the information. *Id*.

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

**C. Claim 4 – Sentencing Enhancements and Double Jeopardy**

In Claim 4, Petitioner alleges that a sentence with six firearm enhancements, from a total of six corresponding base offenses, violates the Double Jeopardy clause of the Fifth Amendment. Dkt. #70 at 39-46. In reviewing that claim, Judge Tsuchida applied the statutory analysis set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932), providing that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision requires proof of an additional fact which the other does not." Dkt. #93 at 15-17. Under *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S. Ct. 673, 679, 74 L. Ed. 2d 535 (1983), "a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Judge Tsuchida evaluated the legislative intent of RCW 9.94A.533(3), concluding that the Washington State legislature specifically intended the imposition of cumulative sentences. Dkt. #93 at 16-18.

Petitioner also argues that the imposition of six firearm enhancements violates Washington State's "unit of prosecution" rule. Dkt. #108 at 22-25. He cites to *Bell v. United States*, 349 U.S. 81, 75 S. Ct. 620, 622, 99 L. Ed. 905 (1955), in support of his argument, stating "the imposition of multiple firearm enhancement convictions, for allegedly possessing a single firearm…during a criminal episode violated unit of prosecution, double jeopardy protections." Dkt. #108 at 22. Judge Tsuchida rejected that argument, citing to *Estelle* and *Bonillas* to support his conclusion that habeas relief is not afforded based on errors of state law alone, and that state law errors are not cognizable in federal court. Dkt. #93 at 18 (citing *Estelle*, 502 U.S. at 67;

*Bonillas,* 134 F.3d at 1417). Accordingly, Judge Tsuchida recommends that Petitioner's Claim 4 be denied. *Id.*

Petitioner objects to the R&R, arguing that the Magistrate Judge improperly performed a *Blockburger* analysis, that a *Bell* "unit of prosecution" test was appropriate instead, and that under a "unit of prosecution" analysis, Petitioner could only be sentenced to multiple firearm enhancements if multiple firearms were involved in the crimes. Dkt. #108 at 24-27.

Petitioner's reliance on *Bell* is misplaced, as the unit of prosecution test described in *Bell* only applies when legislative intent concerning separate punishment for related offenses is lacking. *See* 349 U.S. at 82-84. In his Objections, Petitioner has not provided any legal authority or evidence to rebut that the Washington State legislature's intent was to make firearm enhancements and qualifying crimes separate offenses. Nor has Petitioner provided legal authority to establish that any errors of state law surrounding Washington State's "unit of prosecution" rule on firearm enhancements resulted in a violation of his constitutional rights. Accordingly, this Court agrees that Claim 4 should be denied.

**D. Claims 5 and 15 – Ineffective Assistance of Appellate Counsel**

Petitioner's Claims 5 and 15 assert that his appellate attorney provided ineffective assistance of counsel by failing to raise two claims on appeal. First, in Claim 5, Petitioner argues that his appellate counsel was ineffective for failing to raise a claim that the instructions contained in the sentencing enhancement forms improperly required the jury to be unanimous should it wish to find that he was not armed with a firearm at the time of the underlying offense. Dkt. #70 at 46-50. Petitioner asserts that if appellate counsel had brought a claim under *State v. Bashaw*, 169 Wn.2d 133, 147, 234 P.3d 195, 202 (2010), *overruled by State v. Nunez*, 174 Wn.2d 707, 285 P.3d 21 (2012), regarding the "unanimity" requirement in the jury instructions, it would have

ORDER ADOPTING REPORT AND RECOMMENDATION - 9

resulted in his sentencing enhancements being vacated. *Id*. Second, in Claim 15, Petitioner argues that his appellate counsel was ineffective by failing to raise various claims alleging the ineffective assistance of his trial counsel. (*See* Claims 12, 13, and 14 *infra*). Dkt. #70-1 at 41-43.

Judge Tsuchida evaluated Petitioner's ineffective assistance of appellate counsel claims under the two-prong standard of *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77, 120 S. Ct. 1029, 1034, 145 L. Ed. 2d 985 (2000), and in light of the deference afforded to counsel's presumed strategy set forth in *Jones v. Barnes*, 463 U .S. 745, 750-54, 103 S. Ct. 3308, 3312–14, 77 L. Ed. 2d 987 (1983). Judge Tsuchida first concluded that Petitioner had not shown ineffective assistance of counsel because he failed to rebut the presumption that appellate counsel's decision to address certain issues over others was the result of competent strategy. Dkt. #93 at 19-20.

Evaluating Claim 5, Judge Tsuchida next found that the failure to raise the "unanimity" claim on appeal was neither deficient nor prejudicial, as state court precedent had changed to explicitly reject such a claim, and it is not ineffective assistance of counsel to fail to assert a rule later overturned by a state supreme court. Dkt. #93 at 20. With respect to Claim 15, Judge Tsuchida concluded that because Petitioner had not shown any reasonable probability he would have prevailed on Claims 12, 13, and 14 if raised on appeal, he had not shown any prejudice. *Id*. Thus, Judge Tsuchida recommends denying Claims 5 and 15. *Id*. at 21.

Petitioner objects to the R&R, arguing first that the Magistrate Judge misconstrued Claim 5, and that his actual claim is that appellate counsel was ineffective for not raising the "unanimity" claim during 2005-2010, not 2012. Dkt. #108 at 33. Second, Petitioner argues that he need not rebut any presumption of appellate counsel's actions being the result of strategy, because to do so he would need an evidentiary hearing that was denied by the Magistrate Judge. *Id*. at 33-34. Finally, Petitioner argues that his appellate counsel's performance was unreasonable

because counsel failed to research relevant case law and was not aware of *Bashaw*, amounting to both deficient performance and prejudice. *Id*. at 34.

Petitioner is mistaken. Judge Tsuchida addressed Claim 5 in the context of both before and after the state court rulings in *Bashaw* and *Nunez*, encompassing the entire period he references. Dkt. #93 at 20. Next, Petitioner cites to no legal authority absolving him of the burden of rebutting the presumption that his counsel's decisions were the product of competent strategy. Dkt. #108 at 33-34. Petitioner's description of the *Strickland* standard mischaracterizes the test requirements, and outside of re-stating some of the test's language, he provides no new evidence to support his position under either prong. *Id*. at 34. Petitioner does not lodge an objection with regards to Judge Tsuchida's conclusion on Claim 15. Therefore, the Court will adopt the R&R and deny Petitioner's Claims 5 and 15.

**E. Claims 6 and 7 – Improper Application of a "New Rule"**

Petitioner's Claims 6 and 7 allege that the state courts improperly applied *Nunez* as a new rule in violation of *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) and the Ex Post Facto Clause. Dkts. #70 at 51-56 and #70-1 at 1-6. Specifically, Petitioner claims that by applying *Nunez*, instead of the overruled *Bashaw* case, the state court applied a new rule retroactively to a case on collateral review. Dkt. #70 at 52-54.

Judge Tsuchida recommended the denial of these claims, relying on *Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S. Ct. 1693, 1699, 149 L. Ed. 2d 697 (2001), and *Lockhart v. Fretwell*, 506 U.S. 364, 373, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993), which hold that the Ex Post Facto Clause does not apply to retroactive judicial decisions, and a petitioner has no interest in opposing the retroactive application of a new rule to support a conviction. Dkt. #93 at 21.

ORDER ADOPTING REPORT AND RECOMMENDATION - 11

In his Objections, Petitioner argues that the Magistrate Judge incorrectly interpreted *Lockhart*, and reasserts that the state court's reliance on *Nunez* amounted to the retroactive application of a "new rule." Dkt. #108 at 30-32. Petitioner is unpersuasive, as he mischaracterizes the principle for which *Lockhart* stands. In actuality, *Lockhart* held that a habeas petitioner is not entitled to reliance on overturned state court precedent, because allowing as much would grant him or her the benefit of an error to which they are not entitled, which conflicts with the logic behind the Court's decision in *Teague*. 506 U.S. at 371-73. Therefore, this Court adopts the R&R, and denies Petitioners Claims 6 and 7.

**F. Claims 8 – 18**

With regards to Claims 8 through 18, Petitioner does not object to Judge Tsuchida's conclusions as to those claims. See Dkt. #108. A review of the R&R reveals no legal error with respect to Judge Tsuchida's findings, or that Judge Tsuchida applied the wrong legal standard at any step of his analysis. Accordingly, the Court adopts sections "F" through "L" of the R&R in their entirety. *See* Dkt. #93 at 21-37.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a District Court must determine whether a Certificate of Appealability ("COA") should be issued on a petition for habeas relief. This Court may issue a COA only when a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To meet this burden, the Petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Judge Tsuchida recommends no COA be issued. *See* Dkt. #93 at 37. In a

letter to the Court, filed February 8, 2018, Petitioner requests that, in the event this Court decides to adopt the R&R, it also allow him an opportunity to refile his request for a COA. *See* Dkt. #121 at 4-5.

With regards to Petitioner's Claim 1, the conflicting case law within the three divisions of the Washington State Court of Appeals, and the lack of clear precedent by the Washington State Supreme Court, surrounding the level of evidence sufficient to prove a firearm is operable for purposes of a sentencing enhancement, reflects an issue that is "debatable amongst jurists of reason." *See Miller-El*, 537 U.S. at 336. This Court will therefore approve the issuance of a COA, limited solely to the determination of whether under Claim 1, sufficient evidence existed for any rational factfinder to find beyond a reasonable doubt that at the time of the underlying crime he possessed an operable firearm for purposes of the sentencing enhancement. The Court finds any additional briefing on the issuance of a COA unnecessary.

## V. CONCLUSION

Having reviewed the R&R, Petitioner's Objections thereto, and the remainder of the record, this Court hereby finds and ORDERS:

(1) The Report and Recommendation is APPROVED and ADOPTED, with the exception that the Court also approves a limited Certificate of Appealability as discussed above.

(2) Petitioner's petition for writ of habeas corpus (Dkts. #70 and #70-1), is DISMISSED.

(3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a limited Certificate of Appealability is APPROVED as discussed above.

(4) The Clerk SHALL send copies of this Order to Petitioner and to the Honorable Brian A. Tsuchida.

ORDER ADOPTING REPORT AND RECOMMENDATION - 13

DATED this 4 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION - 14